UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>(2) TWYJUAN DEMETRIC JENKINS, )<br>    a/k/a "P90bobby;" ) | DOCKET NO.: 3:20 CR 107 - MOC<br><br>**FACTUAL BASIS** |

NOW COMES the United States of America, by and through R. Andrew Murray, United States Attorney for the Western District of North Carolina, and hereby files this Factual Basis in support of the plea agreement filed simultaneously in this matter.

This Factual Basis is filed pursuant to Local Criminal Rule 11.2 and does not attempt to set forth all of the facts known to the United States at this time. By their signatures below, the parties expressly agree that there is a factual basis for the guilty plea(s) that the defendant will tender pursuant to the plea agreement, and that the facts set forth in this Factual Basis are sufficient to establish all of the elements of the crime(s). The parties agree not to object to or otherwise contradict the facts set forth in this Factual Basis.

Upon acceptance of the plea, the United States will submit to the Probation Office a "Statement of Relevant Conduct" pursuant to Local Criminal Rule 32.4. The defendant may submit (but is not required to submit) a response to the Government's "Statement of Relevant Conduct" within seven days of its submission. The parties understand and agree that this Factual Basis does not necessarily represent all conduct relevant to sentencing. The parties agree that they have the right to object to facts set forth in the presentence report that are not contained in this Factual Basis. Either party may present to the Court additional relevant facts that do not contradict facts set forth in this Factual Basis.

1. Beginning no later than January 1, 2018, and continuing through March 18, 2020, in Mecklenburg County, within the Western District of North Carolina, and elsewhere, TWYJUAN DEMETRIC JENKINS, a/k/a "P90bobby (TWYJUAN JENKINS) knowingly conspired and agreed with Tyquis Syjuan Jenkins, a/k/a "Snow," a/k/a "Yellin_Snow (Tyquis Jenkins) and Antrell Nachef Walker, a/k/a "Buju. (Antrell Walker) to commit aggravated identity theft and illegally acquire and possess firearms and ammunition in violation of Title 18, United States Code, Sections 922(a)(6), 922(g)(1), and 1028A.

2. TWYJUAN JENKINS and his co-conspirators, without lawful authority, used the personal identifying information of actual persons ("victims") to create identification cards in the victims' names, but with the co-conspirators' photographs. TWYJUAN JENKINS and his co-conspirators then used these counterfeit identification cards and stolen identities to

obtain over $95,000 in credit at a credit union, retail store chains, and car rental companies, and to acquire and pay for firearms and ammunition at shooting ranges.

3. TWYJUAN JENKINS knew that he, Tyquis Jenkins, and Antrell Walker had each been convicted of at least one crime punishable by a term of imprisonment exceeding one year.

4. TWYJUAN JENKINS and his conspirators went to shooting ranges in Mecklenburg County where they would acquire guns and purchase ammunition to fire at targets in the ranges.

   a. On or about February 2, 2020, TWYJUAN JENKINS, Tyquis Jenkins, and Antrell Walker acquired, possessed and fired the following firearms at Point Blank Range (Point Blank), in Matthews, North Carolina:

      i. A Springfield Armory, Model PX9151L, .45 ACP caliber, Pistol, Serial Number M628431 (the "Springfield Pistol"),

      ii. A Remington, Model 870 Tactical, 12 gauge, shotgun, Serial Number CC31963B (the "Remington Shotgun"), and

      iii. An Angstadt Arms, L.L.C., Model AA-0940, multi-caliber rifle, Serial Number AA0902226 (the "Angstadt Rifle").

   b. Point Blank is a licensed dealer of firearms and ammunition within the meaning of Title 18, United States Code, Chapter 44.

   c. In order to rent a gun and purchase ammunition, Point Blank required that TWYJUAN JENKINS and his conspirators sign liability waivers in which they certified they were not prohibited from possessing a firearm or ammunition.

   d. Knowing that he was a convicted felon prohibited from possessing firearms and ammunition, TWYJUAN JENKINS nevertheless signed Point Blank's waiver using a false or stolen identity of K.P. Tyquis Jenkins also signed a waiver using the stolen identity J.K.

   e. The Springfield Pistol and Remington Shotgun and ammunition were manufactured outside the State of North Carolina and transported in interstate commerce into the State of North Carolina.

   f. TWYJUAN JENKINS, Tyquis Jenkins, and Antrell Walker took turns shooting and posing for photographs and videos with the Springfield Pistol, Remington Shotgun, and Angstadt Rifle, which photographs and videos they then posted to social media accounts.

2

## OVERT ACTS

5. In furtherance of the conspiracy and to affect the objects thereof, TWYJUAN JENKINS and his conspirators committed at least one of the following overt acts in the Western District of North Carolina:

    a. Between on or about February 23, 2018 and March 22, 2018, TWYJUAN JENKINS and his conspirators attempted cash withdrawals with cloned payment cards totaling $110,022 and successfully completed over 70 cash withdrawals totaling over $74,000. A payment card is "cloned" by encoding the magnetic strip of a card with the account number and expiration date of a stolen credit card. The Defendants would put their own names, fictitious names, and the names of identity theft victims on the cloned payments cards. TWYJUAN JENKINS and his conspirators would use the same name on identification presented with the cloned payment card. The Defendants and their co-conspirators used their cloned payment cards to obtain cash advances at State Employee Credit Union (SECU) branches across the State of North Carolina including those located in Charlotte and Matthews. The National Credit Union Administration insures SECU.

    b. On or about March 9, 2018, TWYJUAN JENKINS used stolen information from M.A's JP Morgan Chase Bank (Chase) credit card to clone a payment card embossed with the name of K.F. TWYJUAN JENKINS presented this cloned payment card at a SECU branch in Charlotte, North Carolina to obtain a $1,200 cash advance. TWYJUAN JENKINS also presented a counterfeit South Carolina driver's license with his photograph, but the name of K.F. M.A. is an actual person who did not authorize anyone to use his/her Chase Credit Card information in this manner.

    c. On or about March 13, 2018, TWYJUAN JENKINS used stolen information from J.S.'s Chase credit card to clone a payment card embossed with name of K.F. TWYJUAN JENKINS presented this cloned payment card at a SECU branch in Charlotte, North Carolina to obtain a $1,200 cash advance. TWYJUAN JENKINS also presented a counterfeit South Carolina driver's license with his photograph, but the name of K.F. J.S. is an actual person who did not authorize anyone to use his/her Chase Credit Card information in this manner.

    d. On or about February 2, 2020, TWYJUAN JENKINS knowingly used K.P.'s stolen identity on a waiver he signed at Point Blank. K.P. is an actual person who did not consent to this use of his PII. TWYJUAN JENKINS gave Point Blank K.P.'s stolen PII in order to deceive Point Blank employees as to his true identity because as a convicted felon he was not permitted to acquire, possess, and use firearms and ammunitions.

3

6. On or about March 9, 2018 and at all times material to the aggravated identity theft charged in Count Twelve:

   a. TWYJUAN JENKINS knowingly transferred, possessed and used the personal identifying information of M.A. at a SECU branch in Charlotte, North Carolina, without lawful authority;

   b. TWYJUAN JENKINS knew that M.A. was an actual person;

   c. TWYJUAN JENKINS used M.A.'s means of identification, including his/her name, address and date of birth, as part of a scheme to defraud SECU and Chase and to obtain money and funds owned by or under SECU's and Chase's control by means of material false and fraudulent pretenses, representations and promises as alleged in the Indictment.

   d. TWYJUAN JENKINS acted with the specific intent to deceive SECU and Chase and obtain money and funds under SECU's and Chase's control.

   e. Bank fraud in violation of 18 U.S.C. § 1344 is a felony enumerated in Title 18, United States Code, Section 1028A(c)(5).

R. ANDREW MURRAY
UNITED STATES ATTORNEY

*[signed]* 9/4/2020

Michael E. Savage
Assistant United States Attorney

### Defendant's Counsel's Signature and Acknowledgment

I have read this Factual Basis, the Bill of Indictment, and the plea agreement in this case, and have discussed them with the defendant. Based on those discussions, I am satisfied that the defendant understands the Factual Basis, the Bill of Indictment, and the plea agreement. I hereby certify that the defendant does not dispute this Factual Basis.

*[signed] Eric Bach* 9-2-2020

Eric Bach, Attorney for the Defendant          DATED: _____

4